**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| NANCY DANGERFIELD, as Administrator of the Estate of Daniel Behning, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-3687-SPM |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) | |
| Defendants. | ) | Hon. Stephen P. McGlynn |

**<u>HIPAA-QUALIFIED PROTECTIVE ORDER</u>**

Pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 & 164, the Court finds for good cause shown:

1. The following words and terms are defined for purposes of this Protective Order:

    a) "Parties" shall mean plaintiff, defendants, and any additional party that this Court may subsequently recognize as subject to this qualified Protective Order, and their attorneys.

    b) "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 24, and 26 U.S.C. (2002).

    c) "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002).

    d) "PHI" shall mean protected health information as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    e) When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, including but not limited to material produced by any party pursuant to discovery, material produced by any party or non-party in this action (whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement), deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

    f) "Non-parties" shall mean all those other than the plaintiffs or the defendants.

    g)    "Attorneys' Eyes Only" shall mean to be viewed only by counsel of record for the instant litigation, their paralegals and investigators, and retained expert witnesses.

2. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI.

    a)    The parties shall be familiar with HIPAA and the Privacy Standards.

    b)    The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of non-parties to or from other parties and non-parties.

    c)    Subject to the provisions of this Order, a judicial ruling is required before any "Attorneys' Eyes Only" matter produced in the pretrial discovery process pursuant to this Order can be placed under seal when deemed admissible and used at trial or otherwise filed with this Court so as to be of record. Further, as this Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge the placement under seal of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

3. This Protective Order shall extend to all documentation as to all PHI regarding Parties and Non-parties.

4. The parties will abide by the following terms and conditions:

    a)    Any PHI or other information disclosed pursuant to this Order shall be designated "Attorneys' Eyes Only" and shall be viewed only by counsel of record for the instant litigation, their paralegals and investigators, and retained expert witnesses.

    b)    The parties will not use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

    c)    The parties will store all PHI according to the Privacy Standards while such PHI is in their possession.

    d)    The parties agree to serve timely notices of any subpoenas issued, as required by the Federal Rules of Civil Procedure.

    e)    The parties may seek the PHI for non-parties from any covered entity or entities identified in any disclosure or discovery response, medical record, inmate file, or testified to at any deposition, or identified by any other discovery tool. Nothing in this Order authorizes the parties' attorneys to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process. Further, nothing in this Order constitutes a ruling on the admissibility of non-party PHI.

5. The parties shall, by 90 days following the termination of this proceeding (including any appeals and/or time to appeal, if available), return all "Attorneys' Eyes Only" matter

obtained during the course of this proceeding to the attorney representing the person whose "Attorneys' Eyes Only" matter was released during the course this proceeding, and/or dispose of any "Attorneys' Eyes Only" matter retained thereafter pursuant to the Privacy Standards.

6. The individual pages of each document designated, produced pursuant to this Order, or otherwise covered by such shall bear the following designation:

   ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 23-cv-3687-SPM

   or

   ATTORNEYS' EYES ONLY

   No document containing the above designation shall be copied in whole or in part without such designation appearing on the copy.

   No document containing the above designation shall be read by any person other than the parties' counsel of record for the instant litigation, their paralegals and investigators, and retained expert witnesses.

7. Any PHI disclosed in accordance with this Order shall be held in confidence and used solely by counsel for the purpose of preparing for this litigation.

8. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any "Attorneys' Eyes Only" matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

9. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

10. This Protective Order may be modified by further written stipulation signed by the parties and/or by further order of this Court upon application to the Court with notice.

11. No restricted or sealed document is to be filed with the Clerk of the Court unless prior to filing, and upon a motion, a showing or good cause for why the specific document(s) should be filed under seal is established and leave of the Court to file the particular document(s) is specifically obtained.

**IT IS SO ORDERED.**

**DATED: June 27, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**