IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NANCY DANGERFIELD,
Administrator of the Estate of
Daniel Behning, Deceased,

    **Plaintiff,**

v.

WEXFORD HEALTH SOURCES
INC., et al.,

    **Defendants.**

Case No. 23-CV-03687-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Compel filed by Plaintiff Nancy Dangerfield. (Doc. 106). Having been fully informed of the issues presented, Plaintiff Dangerfield's Motion to Compel is **GRANTED in part and DENIED in part**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the death of Daniel Behning on December 13, 2021 while in the custody of the Illinois Department of Corrections. (*See* Docs. 1, 81). Plaintiff Nancy Dangerfield is Behning's mother and the Administrator of his estate. (See Doc. 81, ¶ 3). Behning was diagnosed with cirrhosis in March 2021 while incarcerated at Menard Correctional Center in Illinois. (*See id.*, ¶ 2). Dangerfield alleges that the named Defendants in this action did not take action to ensure that Behning was evaluated for or put on the list to receive a life-saving liver transplant. (*See id.*). Plaintiff Nancy Dangerfield filed the instant suit on November 14, 2023. (*See* Doc. 1).

She filed an Amended Complaint on July 11, 2024 that asserts six causes of action against Wexford Health Sources, Inc. and against various medical personnel including Steve Bowman, Eva-Janette Candido, Angela Crain, SH Coppel, Alisa Dearmond, Dr. Myers, Dr. Glen Babich, and Michael Moldenhauer. (*See* Doc. 81). She pursues five claims against all the named Defendants: (1) denial of medical care in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983; (2) conspiracy pursuant to § 1983; (3) failure to intervene violation of the Eighth Amendment pursuant to § 1983; (4) an Illinois state law wrongful death claim; and (5) an Illinois state law survival claim. (*See id.*). She also brings a respondeat superior claim against Wexford. (*See id.*).

This case entered discovery on July 1, 2024 (*see* Doc. 77) and is set for a presumptive trial month of April 2026 (*see* Doc. 104). The instant Motion was filed on June 13, 2025. (Doc. 106). Defendants responded in opposition on July 11, 2025. (Doc. 125). Plaintiff filed a Reply on July 25, 2025. (Doc. 130). Plaintiff also filed a Motion for Status Conference on July 13, 2025 (Doc. 110), to which the Defendants filed a Response (Doc. 113) on July 24, 2025. This Court granted the Motion for Status Conference on July 2, 2025. (Doc. 116). While initially set as a status conference (*see* Docs. 116, 117), this Court converted the status conference into a hearing on the pending Motion to Compel. (*See* Doc. 131). A hearing was held on the Motion on August 8, 2025. (*See* Doc. 132).

### APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain

discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

## ANALYSIS

In her Motion, Plaintiff sought the following relief from the Wexford Defendants:

> (1) [R]ereview the documents identified through Wexford's email searches and produce responsive electronically stored information ("ESI"), including ESI concerning cirrhosis and other liver diseases, non-

>privileged communications about other relevant Illinois litigation, and deaths at Menard;
>
>(2) produce documents reflecting Wexford's transplant-related policies and procedures in states other than Illinois;
>
>(3) produce Wexford's responses to the IDOC's requests for bids;
>
>(4) disclose the factual bases for their affirmative defenses;
>
>(5) produce documents in their native format without improper redactions of relevant third-party information; and
>
>(6) provide two communications over which it has asserted privilege to the Court for in camera review.

(Doc. 106, p. 3). In their Response, the Defendants indicate that "the parties conferred after the filing of Plaintiff's Motion to Compel and have reached agreement on Section II, which seeks production of out-of-state transplant policies, and Section IV, which seeks a response to one of Plaintiff's interrogatories" and that, therefore, "Plaintiff and Defendants agree that these sections of Plaintiff's motion are moot and, per agreement, do not require further discussion by Defendants or decision by the Court." Thus, this Court need not consider Requests (2) and (4) above. Additionally, the parties indicated at the August 8, 2025 hearing that only one email was still at issue with respect to Request (6). (*See* Doc. 132).

Regarding Request (1), this Court ordered the parties to submit proposed orders regarding the ESI at issue, which both Plaintiff and Defendants submitted via email on August 15, 2025. After reviewing these documents, this Court holds that Plaintiff's Motion to Compel is **DENIED** with respect to Request (1). In her proposed order, Plaintiff's requested categories of email production are insufficiently specific and tailored to the needs of this case, as she requests emails related to medical

guidelines that have already been produced, information on other litigation involving Wexford, and mortality reviews that have already been produced. Federal Rule of Civil Procedure 26(a) does not require a party to produce every relevant document in a case; rather, it only requires the party to produce documents that may be used to support their claims or defenses. In summary, this Court holds that the requested re-review of ESI is an overly broad and disproportionate request.

As discussed in the August 8, 2025 hearing, Request (3) is **DENIED.**

Regarding Request (5), Plaintiff's argument for the relevance of redacted material (including the names of inmates receiving treatment at the same time as the decedent for dissimilar medical conditions) does not convince this Court that this material is relevant or proportional to the needs of this case. Therefore, Request (5) is **DENIED**.

As for Request (6), the Defendants indicated at the August 8 hearing that they did not have any issue with the email in question being submitted to this Court for review *in camera*. Therefore, Request (6) is **GRANTED**. After reviewing the emails in question, this Court holds that they contain protected work product. Therefore, the emails at issue shall not be disclosed to Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff Nancy Dangerfield's Motion to Compel is **GRANTED in part and DENIED in part**. The Court will set this matter for a status conference in approximately twenty-one (21) days via a separate order. The parties shall submit an amended Joint Report of Parties and Proposed

Scheduling and Discovery Order no later than seven (7) days before the status conference.

**IT IS SO ORDERED.**

**DATED:  August 29, 2025**

<u>s/ *Stephen P. McGlynn*</u><br>
**STEPHEN P. McGLYNN**<br>
**U.S. District Judge**