## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NANCY DANGERFIELD,**<br>**Administrator of the Estate of**<br>**Daniel Behning,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CV-03687-SPM** |
| **WEXFORD HEALTH SOURCES,**<br>**INC., et al.,** | |
| **Defendants.** | |

## <u>CONFIDENTIALITY ORDER</u>

**McGLYNN, District Judge:**

This matter is before the Court on an unopposed Motion for Protective Order filed by Plaintiff Nancy Dangerfield in this action pursuant to Federal Rule of Civil Procedure 26(c). (Doc. 140). For the reasons stated in the Motion, this Court determines that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, for good cause shown, the Joint Motion is **GRANTED**. Therefore, the Court **ENTERS** the following Protective Order. It is **HEREBY ORDERED** that the parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this or related actions or proceedings:

1.      Introduction. This protective order is intended to address information the
Illinois Department of Financial and Professional Regulation ("IDFPR") seeks to
treat as confidential under state law, hereinafter "Confidential Information."

2.      Scope: At this time, and unless or until this Protective Order is otherwise
modified by the Court, this Protective Order shall apply to the following
Records/Information, which shall be treated as Confidential Information:

      a.      Any and all materials produced by the IDFPR in connection with the
above-captioned case that are confidential by state statute, including but not
limited to applications, investigation materials, complaints, and any
documents related to discipline, including but not limited to outcomes and
findings of investigations and closing materials.

3.      Confidential Information, as used in this Order, means information designated
as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the IDFPR that
falls within one or more of the following categories:

      a.      Information prohibited from disclosure by statute;

      b.      Medical information, including health information, concerning any
individual;

      c.      Personal identity information, including, but not limited to, such
information protected from disclosure pursuant to Illinois Supreme Court Rule
138; and

      d.      Information designated as confidential as specified in paragraph 2
above.

4.      Protection of Confidential Material.

a.      General Protections: Confidential Information shall not be used or disclosed by counsel for the parties in the Litigation, or by the parties in the Litigation, either directly or indirectly, for any purpose whatsoever other than this Litigation, including any appeals, and shall not be disclosed to anyone other than those designated in subparagraphs 4(b)(1–8) below absent a prior order of the Court.

b.      Limited Disclosures. Counsel for the parties shall not disclose or permit disclosure, either directly or indirectly, of any Confidential Information to any person or entity except as set forth in paragraphs 1–8 below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

i. Counsel. Counsel for the parties to the Litigation and employees of said Counsel who have responsibility for the Litigation;

ii. Parties. Individual parties and employees of a party, but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Litigation in which the information is disclosed. It is acknowledged and understood that the parties may have already received information and/or documentation in connection with the IDFPR's investigation which are covered by or otherwise fall within the definition of Confidential

Information as provided in this Agreed Order, and such Confidential

Information is covered by this Order.

iii. Court and Court Personnel;

iv. Court Reporters and Recorders. Court reporters and recorders engaged

in depositions or sworn testimony;

v. Copy Services. Those persons specifically engaged for the limited

purpose of making copies of documents, organizing or processing

documents, including outside vendors hired to process electronically

stored documents;

vi. Consultants and Experts. Consultants, investigators, or experts

employed by counsel for the parties to assist in the preparation and trial

of this action;

vii. Witnesses at Depositions. During their depositions, witnesses in this

action to whom disclosure is reasonably necessary. Witnesses shall not

retain a copy of documents containing Confidential Information, except

witnesses may review a copy of all exhibits marked at their depositions

in connection with review of the transcripts. Pages of transcribed

deposition testimony or exhibits to depositions that are designated as

Confidential Information pursuant to the process set out in this order

must be separately bound by the court reporter and may not be disclosed

to anyone except as permitted under this Order;

Case 3:23-cv-03687-SPM    Document 142    Filed 01/28/26    Page 5 of 7    Page ID #1023

viii. Insurers and Adjustors. To the extent that counsel believes in good faith that Confidential Information is necessary to give due and proper consideration to valuation of the Plaintiff's claims or otherwise inform decisions on authorization for the conduct of litigation or settlement. In such event, said employees of an insurance provider shall be held confidential by those employees as provided by this Order, shall not be disclosed to any individual otherwise restricted herein, and shall either return to the providing source (a party, counsel, or other record keeper) or destroy all confidential information at the conclusion of the Litigation with notice to the IDFPR. The Litigation is concluded once all appellate or other post-judgment relief has been adjudicated.

5.    Recipients to be advised of this Order. Prior to giving access to any documents containing Confidential Information as described in paragraph 4(b)(6) or (8), each person shall be advised of the terms of the Protective Order.

6.    Efforts of Counsel to Preserve Confidentiality. Counsel for the parties as well as the parties in this Litigation, shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Further, it is agreed by counsel for the parties that they and their respective employees, officers, shareholders, agents, and assigns will not use any of the Confidential Information to which this Agreed Protective Order applies for any business-related purpose other than this Litigation. Any such unauthorized disclosure of Confidential Information,

whether by counsel or by any party to this Litigation, will subject the violating party to sanctions and other relief that this Court may deem appropriate.

7.      Designation of Covered Documents. Any Confidential Information or documents to which this Agreed Protective Order is intended to apply, shall be designated by the IDFPR with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" types in bold font on each page, without interfering with the legibility of the content of the page so designated. Counsel to the parties will ensure that any filings with the Court that include or reference such material will be first designated to be placed under seal with the Court to ensure that it is not disclosed to third parties.

8.      Admissibility of Confidential Information. It is agreed and understood that the entry of this Order is not intended to, nor shall it, preclude or otherwise limit any party's right to object to the production of or admissibility of any documents, including, but not limited to, the medical and mental health information covered by this Agreed Protective Order. It is also agreed that any party may seek to modify this order upon written motion and that a party's consent to this Order shall not be used adversely against them.

9.      Disputes as to Designation as Confidential Information. Any dispute with regards to the designation of Confidential Information must be in good faith and must begin the process by conferring directly with counsel for the IDFPR. After compliance with the meet and confer requirement, should a party elect to challenge a confidentiality designation, the party may file and serve a motion that identifies the

material and sets forth, in detail, the basis for the challenge. Nothing in this Order limits the Court's power to make subsequent orders concerning the disclosure of documents produced in discovery or at trial.

10.    Litigation. Once Litigation has concluded, anyone in receipt of the Confidential Information shall return it to the providing source or destroy all confidential information at the conclusion of the Litigation, with notice to the IDFPR. However, that said confidential information may be retained in the files of the counsel for the parties and may be destroyed pursuant to their regular file retention policies so long as the confidential information is maintained in a secure environment. The Litigation is concluded once all appellate or other post judgment relief has been adjudicated.

11.    Subsequent Court Order. Any party, individually or through counsel, may petition this or any other court of competent jurisdiction to modify the terms of this Order to allow for disclosure of Confidential Information, in ways otherwise prohibited. Any disclosure of Confidential Information in accordance with said subsequent order of court, shall not be subject to the individual or entity so disclosing to punishment including contempt.

**IT IS SO ORDERED.**

**DATED:  January 28, 2026**

                                        _s/ Stephen P. McGlynn_
                                        **STEPHEN P. McGLYNN**
                                        **U.S. District Judge**